UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DUNG HANH DAO,<br><br>　　　　Defendant. | Case Nos.<br>5:14-cr-00449-EJD; 5:14-cr-00450-EJD<br><br>**ORDER RE: NOTIFICATION OF EARLY TERMINATION OF SUPERVISED RELEASE BY ORIGINAL SENTENCING COURT** |
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOANG MINH NGUYEN,<br><br>　　　　Defendant. | |

On August 19, 2015, Defendants Dung Hao Dao and Hoang Minh Nguyen (collectively, "Defendants") filed notices in the above-entitled actions indicating that their terms of supervised release were terminated by order of the United States District Court for the Eastern District of California. However, upon careful review, it is the opinion of this court - the only one with jurisdiction over Defendants' supervision at this point - that the termination orders issued by the Eastern District of California are void. Accordingly, Defendants' terms of supervised release have not yet been effectively terminated for the reasons explained below.

I.   **BACKGROUND**

In proceedings before the Eastern District of California, Defendants were each convicted

1
Case No.: 5:14-cr-00449-EJD; 5:14-cr-00450-EJD
ORDER RE: NOTIFICATION OF EARLY TERMINATION OF SUPERVISED RELEASE BY ORIGINAL SENTENCING COURT

of one count of Conspiracy to Defraud the United States, to Commit Mail Fraud and to Structure in violation of 18 U.S.C. § 371, and one count of Money Laundering in violation of 18 U.S.C. § 1956(h).  District Judge Lawrence J. O'Neill sentenced Defendants to two concurrent custodial terms of 14 months and a 36-month term of supervised release.  Judgment against Defendants was imposed accordingly on May 5, 2014.  Because their custodial sentences were essentially ones for time already served, Defendants' supervised release terms commenced on the date of judgment.

On June 6, 2014, Judge O'Neill ordered, as to both Dao and Nguyen, that "pursuant to 18 U.S.C. 3605 the jurisdiction of the supervisee . . . be transferred with the record of the Court to the United States District Court for the Northern District of California upon that Court's order of acceptance of jurisdiction."  Thereafter, District Judge Lucy H. Koh ordered on August 25, 2014, on behalf of the Northern District of California "that jurisdiction over [Defendants] be accepted and assumed by this Court from and after entry of this Order."

Despite the jurisdictional transfer, Defendants moved in the Eastern District of California on June 5, 2015, to terminate their terms of supervised release.  Judge O'Neill issued an order granting the motions on August 17, 2015.  Defendants then filed notices of the termination in the Northern District of California on August 19, 2015.

## II.  DISCUSSION

The transfers that occurred here between the Eastern and Northern Districts of California were accomplished pursuant to 18 U.S.C. § 3605, which provides:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court.  A later transfer of jurisdiction may be made in the same manner.  A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

"Under this statutory structure, the transferee court steps into the shoes of the transferor court . . . ." and may exercise all powers over supervisee provided by the relevant criminal

statutes. United States v. King, 608 F.3d 1122, 1127 (9th Cir. 2010). Stated another way, the transferee court takes "full jurisdiction" from the transferor court once it accepts a case, such that only the transferor court, and not the transferee court, may modify the supervisee's term of release. United States v. Fernandez, 379 F.3d 270, 275 (5th Cir. 2004); see United States v. Clark, 405 Fed. Appx. 89, 92-93 (8th Cir. 2010); see also United States v. D'Amario, 178 Fed. Appx. 151, 152 (3d Cir. 2006).

Here, the Northern District of California accepted jurisdiction over Defendants' supervision on August 25, 2014. Jurisdiction to modify or terminate supervised release was therefore vested exclusively with the Northern District on that date. When the Eastern District of California issued orders nearly a year later purporting to terminate Defendants' terms of release, it did so without jurisdiction. Those orders are, unfortunately, void. See In re Establishment Inspection of Hern Iron Works, 881 F.2d 722, 726-27 (9th Cir. 1989) (stating that any court order issued without jurisdiction is a nullity or "nothing at all"). As a result, Defendants' supervisorial status remains unchanged.

### III.  CONCLUSION

Based on the foregoing, the court clarifies that Defendants have not been released from supervision despite an order suggesting as much from the Eastern District of California. Only this court may issue an order terminating Defendants' supervised release. Thus, should they decide to seek such relief, they should submit an appropriate motion to the undersigned.

**IT IS SO ORDERED.**

Dated:  August 27, 2015



EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:14-cr-00449-EJD; 5:14-cr-00450-EJD
ORDER RE: NOTIFICATION OF EARLY TERMINATION OF SUPERVISED RELEASE BY ORIGINAL SENTENCING COURT